Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Tel: (916) 663-6400
Fax: (916) 663-6500
ryan@lemonbuyback.com

TERRY L. BAKER   (SBN 214365)
820 Bay Avenue, Suite 230L
Capitola, CA 95010
Tel:   (831) 476-7900
Fax:   (831) 476-7906
tbaker@consumerlawgroup.net

Attorney for Plaintiff
JOHN WAGNER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## EUREKA-MCKINLEYVILLE DIVISION

| | |
|---|---|
| JOHN WAGNER, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | • Magnuson-Moss Warranty Act; |
| FOREST RIVER, INC., a corporation; ALAN GREGG VOGEL DBA VOGEL'S RV, entity unknown, | • Song-Beverly Act;<br>• Breach of Express Warranty;<br>• Breach of Implied Warranty;<br>• Unfair Competition |
| Defendants. | |

**DEMAND FOR JURY TRIAL**

Plaintiff alleges that, at all times relevant:

## JURISDICTION

1. The court has federal question jurisdiction under 15 U.S.C. § 2310 and Title 28 U.S.C. § 1331, as well as supplemental jurisdiction over plaintiff's state law claims under Title 28 U.S.C. § 1367. The amount in controversy exceeds $50,000.00 for plaintiff, exclusive of costs and interest.

## PARTIES

2. Plaintiff John Wagner (hereinafter "plaintiff"), at all times mentioned, was, and

still is, a competent adult residing in Redwood Valley, California.

3. Defendant Forest River, Inc. (hereinafter "FRI") is an Indiana corporation doing business in Mendocino County, California.

4. Defendant Alan Gregg Vogel (hereinafter "AGV") is an individual doing business as Vogel's RV in Ukiah, California.

## FACTS COMMON TO ALL COUNTS

5. On July 28, 2017, plaintiff purchased a new 2017 RPod 178 travel trailer ("trailer") from AGV in Ukiah, California, for a price of $23,672.11. In connection with plaintiff's purchase, defendant FRI issued to plaintiff express written warranties on the trailer and components. A copy of FRI's warranty is attached as Exhibit A.

6. Subsequent to plaintiff's purchase, the trailer exhibited numerous defects in material and workmanship that substantially impair the trailer's use, value and safety. Plaintiff delivered the trailer to FRI's authorized repair facilities to have defects remedied. Despite affording FRI a reasonable opportunity to cure the defects in the trailer, it has not done so.

7. Specifically, in June of 2018, plaintiff delivered the trailer to AGV, an authorized FRI repair facility due a major defect in the roof. AGV, in conjunction with FRI, determined that the trailer needed to be taken to FRI's factory facility in Sheridan, Oregon. However, in order for plaintiff to obtain the necessary warranty repairs from FRI, FRI required plaintiff to sign a document releasing claims against FRI. The release is attached hereto as Exhibit B.

8. As of today, the trailer remains defective. Plaintiff has lost faith in the trailer.

9. FRI has not replaced the trailer or made restitution to plaintiff.

## FIRST CLAIM FOR RELIEF
### Violations of the Magnuson-Moss Warranty Act
### (By Plaintiff and against FRI)

10. Plaintiff incorporates by reference all preceding paragraphs.

11. The trailer is a "consumer product" as defined by 15 U.S.C. § 2301(1).

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3) and the trailer was

purchased for personal, family and household purposes.

13. FRI is a "warrantor" as defined by 15 U.S.C.§ 2301(5).

14. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

15. FRI violated the Magnuson-Moss Warranty Act by failing to conform the trailer to the express warranties within a reasonable number of attempts or a reasonable amount of time. FRI has failed to cure its failure to comply with the Act.

16. Prior to commencing this action, plaintiff afforded FRI reasonable opportunities to cure the failures and to comply with the Act.

17. Pursuant to 15 U.S.C. § 2310(d)(1), plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the trailer and rescind the contract. Plaintiff is entitled to restitution of all consideration given.

18. As a proximate result of the violations of the Act, plaintiff has sustained, and continues to sustain damages, both economic and noneconomic, in the approximate amount of $30,000.00.

19. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

### SECOND CLAIM FOR RELIEF
### Violations of the Song-Beverly Consumer Warranty Act
### (By Plaintiff and against FRI)

20. Plaintiff incorporates all preceding paragraphs.

21. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

22. The trailer is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

23. FRI is a "manufacturer" as defined by Cal. Civ. Code § 1791 (j).

24. Plaintiff's purchase of the trailer was a "sale" as defined by Cal. Civ. Code 1791(n).

25. FRI violated the Song-Beverly Act by failing to conform the trailer to the express written warranties within a reasonable number of repair attempts or within the warranty periods and failing to promptly replace the trailer or make restitution to the plaintiff.

26. The above-described defects, malfunctions, and nonconformities substantially impair the use, value, and safety of the trailer.

27. Plaintiff has not made unreasonable or unintended use of the trailer.

28. Pursuant to Civil Code § 1793.2(d), defendants must refund the price of the trailer to plaintiff.

29. Pursuant to Civil Code § 1794(a), plaintiff is entitled to restitution.

30. As a direct and proximate result of said violations of the Song-Beverly Act, plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $30,000.00 according to proof.

31. The failure of FRI to comply with the Song-Beverly Act was willful in that defendants had actual knowledge of the trailer's defects and malfunctions, knew of its legal duties under the warranty and the law, but repeatedly refused to make necessary repairs and/or provide a refund.

32. Pursuant to Civil Code § 1794(c), plaintiff is entitled to a civil penalty of two times the amount of his actual damages.

33. Pursuant to Civil Code § 1794(d), plaintiff is entitled to reasonable attorney fees according to proof.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty--Song-Beverly Consumer Warranty Act
### (By Plaintiff and against All Defendants)

34. Plaintiff incorporate by reference all preceding paragraphs.

35. Pursuant to Cal. Civ. Code § 1792, the trailer was accompanied by the manufacturer's and retail seller's implied warranty of merchantability.

36. Pursuant to Civil Code § 1793, and because of the existence of the express warranty, defendants may not disclaim, limit, or modify the implied warranty provided by the Song-Beverly Act.

37. Defendants breached the implied warranty of merchantability of Civil Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the trailer unfit for the ordinary purposes for which it is used and it would not pass

1  without objection in the trade.

2      **38.** Pursuant to Civil Code § 1794(a), plaintiff is entitled to restitution.

3      **39.** As a direct and proximate result of said breach of implied warranty, plaintiffs
4  have sustained, and continue to sustain, incidental and consequential damages in the
5  approximate amount of $30,000.00.

6      **40.** Pursuant to Civil Code § 1794(d), plaintiff is entitled to reasonable attorney
7  fees according to proof.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty--Magnuson-Moss Warranty Act**
**(By Plaintiff and against All Defendants)**

10      **41.** Plaintiff incorporates by reference all preceding paragraphs.

11      **42.** Pursuant to 15 U.S.C. § 2301(7), the breaches by defendants of the state-law
12  implied warranty of merchantability as set forth above also constitute breaches of implied
13  warranties pursuant to the Magnuson-Moss Act.

14      **43.** Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied
15  warranties, plaintiff is entitled to the equitable remedies of rescission and restitution and/or
16  damages. Plaintiff revokes acceptance, rescind the contract, and claims full restitution.

17      **44.** As a proximate result of the breaches of implied warranty, plaintiff has
18  sustained, and continue to sustain, damages, both economic and noneconomic, in the
19  approximate amount of $30,000.00.

20      **45.** Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and
21  expenses reasonably incurred in connection with this action.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(By Plaintiff and against FRI)**

24      **46.** Plaintiff refers to and incorporate by reference all preceding paragraphs.

25      **47.** At all times herein mentioned, on and prior to July 28, 2017, FRI utilized
26  media, professional publications and salespersons to urge the use and sale of the 2017 Rpod
27  and its components, and expressly warranted to members of the general public, including the
28  plaintiff herein, that the trailer and its component parts were free from latent defects or

1 inherent risk of failure and were effective, proper and safe for their intended use.

2 **48.** Plaintiff relied upon said express warranty representations of defendants in the
3 purchase of the trailer.

4 **49.** FRI breached its warranties by selling trailers and components that did not
5 conform to the promises contained in the warranties.

6 **50.** After plaintiff sustained the damages complained of herein as a result of the
7 defective condition of the trailer, notice was given by plaintiff, who satisfied all terms of the
8 contract and requirements, except as may be excused by misconduct of the defendants. This
9 complaint shall serve as further notice of the breach described herein.

**SIXTH CLAIM FOR RELIEF**
**Unfair Competition-Violation of Business and Professions Code Sections 17200, et Seq.**
**(By Plaintiff and Against FRI)**

**51.** Plaintiff incorporates all preceding paragraphs herein.

**52.** Plaintiff is a consumer and is suing in his individual capacity.

**53.** Beginning at an exact date unknown to plaintiff but at least since June of 2018, FRI has committed acts of unfair competition as defined by Business & Professions Code § 17200, by engaging in the acts described herein.

### UNFAIR BUSINESS PRACTICES

**54.** The Song-Beverly Act mandates that a manufacturer of defective consumer goods repair the goods under warranty at no cost to the consumer with no strings attached. Here, defendant FRI required plaintiff to "release" claims in order to obtain warranty work that FRI was legally obligated to perform without a release.

**55.** FRI failed to inform plaintiff that it was attempting to strip plaintiff of his rights under California law. This conduct is both deceptive and unfair and constitutes unfair competition under California law.

### UNLAWFUL BUSINESS PRACTICES

**56.** These acts and practices, as described herein, violate Business & Professions Code § 17200 in the following respects: defendants' policy/practice of requiring consumers to sign a release of claims in order to obtain warranty work violates the Song-Beverly

Consumer Warranty Act, and, consequently, constitutes an unlawful business act or practice within the meaning of Business & Professions Code § 17200

**57.** The unfair and unlawful business acts and practices, as described above, present a continuing threat to members of the general public in that consumers will be deceived into signing a release of claims to simply obtain warranty work that FRI is legally obligated to perform.

**58.** Plaintiff has been damaged by defendant's actions.

**59.** Plaintiff is entitled to injunctive relief and restitution pursuant to Business & Professions Code §§ 17203 and 17535.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1.. That the contract be adjudged rescinded.
2. For restitution or a replacement trailer.
3. For incidental and consequential damages.
4. For actual and statutory damages.
5. For reasonable attorney fees according to proof.
6. For costs and expenses incurred herein.
7. For such other relief as the Court deems proper.
8. For a civil penalty of two times plaintiff's actual damages.
9. Pursuant to Business and Professions Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, plaintiff prays that FRI be preliminarily and permanently enjoined from committing the acts and practices described above.

Dated: January 18, 2019      TERRY L. BAKER, ATTORNEY AT LAW


/s/ Terry L. Baker
TERRY L. BAKER
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

Dated:      January 18, 2019                TERRY L. BAKER, ATTORNEY AT LAW


/s/ Terry L. Baker
TERRY L. BAKER
Attorney for Plaintiff

EXHIBIT A

# Warranty

## LIMITED WARRANTY TOWABLE PRODUCTS

**FOREST RIVER INC.**

### RECREATIONAL VEHICLES BY FOREST RIVER INC.

Thank you for choosing to purchase a Recreational Vehicle by Forest River Inc., a fine product in which design and construction have received the care that quality demands. This important warranty covers many items and is indicative of our desire to stand behind our products and assure our customers' complete satisfaction. If at any time the need arises to speak with a Forest River representative please find our contact information in our owner's manual or at www.forestriverinc.com.

WARRANTY COVERAGE
SUMMARY OF WARRANTY: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030 (Warrantor) warrants to the ORIGINAL CONSUMER PURCHASER ONLY, when purchased from an authorized Forest River Inc. dealer, for a period of one (1) year from the date of purchase (Warranty Period), that the body structure of this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to Warrantor.

EXCLUSIONS FROM THIS WARRANTY: Warrantor expressly disclaims any responsibility for damage to the unit where damage is due to condensation, normal wear and tear or exposure to elements. Warrantor makes no warranty with regard to, but not limited to, the chassis including without limitation, any mechanical parts or systems of the chassis, axles, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment. Their respective manufacturers and suppliers may warrant some of these items. Warranty information with respect to these items is available from your dealer. The Warrantor further makes no warranty with regard to any product used for commercial purposes registered to any business entity or LLC, as a permanent or full time residence or as a rental unit, or any product not registered and normally used in the United States or Canada.

LIMITATION AND DISCLAIMER OF WARRANTIES: WARRANTOR EXPRESSLY LIMITS THE DURATION OF ALL EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE EXCEPT IN THOSE STATES THAT DO NOT ALLOW THIS EXCLUSION. WARRANTOR EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD. No action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration of the warranty period. There is no warranty of any nature made by the Warrantor beyond that contained in this Warranty. No person has authority to enlarge, amend or modify this Warranty, except this Warrantor.

Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: THE ORIGINAL CONSUMER PURCHASER OF THIS RECREATIONAL VEHICLE AND ANY PERSON TO WHOM THIS UNIT IS TRANSFERRED, AND ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THIS UNIT, SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES.

Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

WARRANTOR'S OBLIGATIONS: Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair, replacement or refund. Warrantor may not elect refund unless the Purchaser agrees, or the Warrantor is unable to provide replacement and repair is not commercially practicable. Warranty performance can only be obtained at Warrantor's authorized dealers and service centers and from Warrantor at the discretion of the Warrantor. All costs incurred in transporting this recreational vehicle for warranty service shall be borne by Purchaser. Warrantor shall remedy the defect within a reasonable amount of time after appointment and delivery by Purchaser. All of Warrantor's expenses in remedying the defect shall be borne by the Warrantor.

PURCHASER'S OBLIGATIONS: Purchaser must complete, sign and return the owner's registration within ten (10) days of purchase to validate this Warranty. The return of this registration is a condition precedent to warranty coverage; failure to return the completed registration to the Warrantor will invalidate this warranty. Purchaser shall deliver this recreational vehicle for warranty service within a reasonable time after discovery of the defect and in no event after expiration of the Warranty period, which Warranty Period is one (1) year. All expenses incurred by Purchaser in obtaining warranty service shall be borne by Purchaser. Warranty service shall, whenever possible, be scheduled with the selling dealer by an appointment in order to avoid possible delays. Purchaser can, if necessary, obtain a list of persons authorized to perform warranty service by contacting Warrantor at the above address. No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

EVENTS DISCHARGING WARRANTOR FROM OBLIGATION UNDER THIS WARRANTY: Misuse or neglect, including failure to provide reasonable and necessary maintenance, unauthorized alteration, accident, and improper loading, use as a permanent or full time residence, commercial use or leasing of the recreational vehicle, shall discharge Warrantor from any obligation under this Warranty.

PARTS AND DESIGN CHANGES: Warrantor reserves the right to change the parts and design of its recreational vehicle from time to time without notice and with no obligation to maintain spare parts or make corresponding changes in its products previously manufactured.

OBTAINING WARRANTY SERVICE: To ensure your local dealer's personal interest in your complete satisfaction, it is recommended that all warranty service be performed by the authorized dealer from whom you purchased your unit. Following a move or as you are traveling, should warranty service become necessary, such service shall be performed by any authorized dealer in the United States or Canada. Such service shall also, whenever possible, be scheduled by an appointment in order to avoid possible delays.

WARRANTY REGISTRATION: A warranty registration is to be completed by the owner at the time of purchase and returned to the Warrantor. The return of this registration is a condition precedent to warranty coverage; failure to return the completed registration to Warrantor will invalidate this Warranty.

OTHER WARRANTIES: As indicated in the paragraph above, entitled 'Exclusions From This Warranty', certain items that are not covered by this Warranty may be warranted separately by their manufacturers or suppliers. In order to validate those warranties, you may also be required to complete and return to the appropriate manufacturer the warranty forms included with the information package. These other warranties may cover, but are not limited to, such items as the chassis including without limitation, any mechanical parts or systems of the chassis, axles, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment which are not covered by this Limited Warranty. For service or parts required for these products, it may be necessary to write or call the product manufacturer to obtain the nearest authorized service center location. In requesting parts for separately warranted products from the manufacturer of the product or its authorized service center, it may also be necessary to first obtain a warranty work authorization number before the work is done. It may also be necessary to provide the Product Name, Model and Serial Number along with the description of the problem and part needed, plus shipping instructions. See these warranties with respect to their terms and conditions.

OWNER ASSISTANCE: Your confidence and goodwill are important to Forest River Inc. as is maintaining a pleasant relationship with our dealers. We, at Forest River, recognize that there may be occasions when a warranty or service problem is not handled to your satisfaction. After discussing the situation with the dealership management, if your problem has not been resolved to your satisfaction, we welcome you to contact the Forest River Customer Service Manager at the address listed above. Our recommendations for an agreeable solution will be communicated to the local dealer. Forest River customer service contacts can be found in our owner's manual or by visiting www.forestriverinc.com.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.

EXHIBIT B



**2405 CENTURY DRIVE GOSHEN, IN 46528**
**574-642-1608**
**dbeber@forestriverinc.com**

Date:

I _JOHN WAGNER_ herby authorize Forest River, Inc. to take possession of and retain possession of the following recreational vehicle at their facility until they are able to perform service and or warranty repairs to it. I understand that my recreational vehicle is available to me for my use and choose to allow Forest River this opportunity to assist me in my repair needs. Further, I agree to hold Forest River, Inc. harmless against any claims that I, or others may have with respect to any days "out of service" prior to or beyond the scope of this agreement. As a way to stay updated we are asking for a good email address to better the communications while your unit is at the plant for repairs.

Prior to unit being transported please complete the following:
Remove all personal items
Empty all holding tanks
Do not dead bolt entrance door or leave keys with the unit

17 digit V.I.N.: _4X4TRP11H2012703_
Serial Number: _____
Model: _178_

Email address: _PAPAWAGGY53 AT YAHOO.COM_

Signature: _[signature]_   Date: _6/20/2018_      707.367.3796

If you should have any questions please do not hesitate to contact me at 574-642-1608

Sincerely,
Danielle Beber
Warranty & Service Administrator